DANIEL, administrator, v. HAYNES.

Where an execution was issued by a clerk of the superior court on or before April 29, 1867, upon which no entry of any kind was made by an officer until after September 14, 1875, the judgment upon which it issued was dormant, notwithstanding an entry by the clerk, made September 30, 1868, on the execution docket, without being so requested to do by the plaintiff in execution, to the effect that on the day last named the execution was handed by the clerk to the sheriff. Code, §2914.        *Judgment affirmed.*
January 4, 1893.

Before Judge McWHORTER. Elbert superior court. September term, 1891.

Error is assigned upon the court's charge, that if an execution was issued on or before April 29, 1867, and there was no entry thereon or touching the same by any officer, except the entry on the execution docket, "*fi. fa.* handed to sheriff Adams, September 30, 1868," which entry was made by the clerk, who handed the *fi. fa.* to the sheriff without being requested so to do by the plaintiff in *fi. fa.*, and no entry was made thereon until after September 14, 1875, then it was dormant on that date. It was agreed that this charge controlled the case. It appeared from the evidence that the execution was based on a judgment dated March 11, 1867. On September 14, 1875, the original execution having been lost, an *alias* was issued which bears no entry of a date prior to its own, but which has had sufficient entries upon it since made to prevent the bar, if not dormant when issued. The execution docket showed the entry above quoted, made by the clerk, who testifies that he does not know on what date the *fi. fa.* was issued, but states from observing the other dates on the docket and the number on the *fi. fa.*, and the court from which it issued and to which it was returnable, that it was issued on or before April 29, 1867. Adams testified that he was sheriff on September 30, 1868; that the *fi. fa.* was at that time handed to him by the clerk; that it was lost while in his possession; and that no entry was made on it.

J. N. WORLEY, F. H. COLLEY and W. M. SIMS, for plaintiff in error.

MCCURRY & PROFFITT, *contra.*